UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JOSHUA REBEL HAYS and | ) | |
| ALICIA MAE HAYS, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:12-CV-283 RM |
| | ) | |
| CHARLES C. WICKS, *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

OPINION AND ORDER

Joshua Rebel Hays and Alicia Mae Hays, *pro se* plaintiffs, filed an amended

complaint pursuant to 42 U.S.C. § 1983 and a motion for leave to proceed *in forma pauperis*.

(DE 6, 7.) Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in

federal court. 28 U.S.C. § 1914(a). However, the federal *in forma pauperis* statute, 28 U.S.C.

§ 1915, provides indigent litigants an opportunity for meaningful access to the federal

courts despite their inability to pay the costs and fees associated with that access. *See*

Neitzke v. Williams, 490 U.S. 319 (1989).

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen

complaints before service on the defendants, and must dismiss the complaint if it is

frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a

defendant who is immune from such relief. A court deciding whether the complaint states

a claim applies the same standard as when addressing a motion to dismiss under FEDERAL

RULE OF CIVIL PROCEDURE 12(b)(6). *See* <u>Lagerstrom v. Kingston</u>, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

<u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." <u>Swanson v. Citibank, N.A.</u>, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

In evaluating whether a complaint is frivolous for purposes of the *in forma pauperis* statute, the court need not "accept without question the truth of the plaintiff's allegations." <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992). Instead, the statute "accords judges not only the authority to dismiss a claim based on an undisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." <u>Neitzke v. Williams</u>, 490 U.S. at 325.

This suit arises from a pending Elkhart County Superior Court case in which Alicia Hays is being sued for a debt owed to a company called FirstSource. She appeared for a hearing in the case on April 17, 2012, accompanied by her husband Joshua Hays. In the course of this hearing the judge, Charles C. Wicks, decided that Joshua Hays was inappropriately interjecting himself into the proceedings and was trying to represent his

wife even though he is not licensed to practice law. (DE 6 at 3-4, 14.) Judge Wicks ultimately had Joshua Hays removed from the courtroom by two sheriffs deputies. The plaintiffs appeared in court again on June 5, 2012, during which time Joshua Hays was, in his own words, "articulating to the Judge in reading from the Constitution that I didn't need a license to be [there] in court and I was [there as] a matter of right." (DE 6 at 8.) At some point during the hearing Judge Wicks found Joshua Hays in direct criminal contempt, ordered him to serve 180 days in jail, and had him removed from the courtroom. (DE 6 at 8, 17.)

Mr. and Mrs. Hays then filed this action, alleging that their constitutional rights were violated in the state case. They name as defendants Judge Wicks, the attorney for the defendant, and the three sheriffs deputies who executed the judge's orders to remove Joshua Hays from the courtroom. They seek compensatory and punitive damages, among other relief.

Judge Wicks is entitled to absolutely judicial immunity for his decisions in the state case, even if it is assumed that his exercise of authority was "flawed by the commission of grave procedural errors." Stump v. Sparkman, 435 U.S. 349, 359 (1978). The plaintiffs might have some remedy available through the state appellate process if they believe they judge's orders were erroneous, but they can't proceed with a federal civil rights suit seeking damages against him. *See* Dawson v. Newman, 419 F.3d 656, 661 (7th Cir. 2005). Moreover, this court has no authority to "review" or to otherwise interfere with the state court case, as the plaintiffs request. *See* In re Campbell, 264 F.3d 730, 731 (7th Cir. 2001) (federal courts

lack authority to "control or interfere with state court litigation"); <u>Lewis v. Anderson</u>, 308 F.3d 768, 771-772 (7th Cir. 2002) ("lower federal courts do not have jurisdiction to conduct direct review of state court decisions.").

With respect to the remaining defendants, the plaintiffs' only allegation against the deputies is that they removed Joshua Hays from the courtroom at the express direction of Judge Wicks. (DE # 6 at 5, 8.) Judicial employees can't be sued merely for carrying out the judge's orders. *See* <u>Snyder v. Nolen</u>, 380 F.3d 279, 287-288 (7th Cir. 2004); <u>Henry v. Farmer City State Bank</u>, 808 F.2d 1228, 1238 (7th Cir. 1986). Finally, the attorney for the defendant is not a state actor who can be sued for constitutional violations.[1] *See* <u>Rodriguez v. Plymouth Ambulance Serv</u>., 577 F.3d 816, 822-23 (7th Cir. 2009).

For these reasons, the motion for leave to proceed *in forma pauperis* (DE 7) is DENIED and the amended complaint (DE 6) is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B).

SO ORDERED.

ENTERED: July  10 , 2012

_____/s/ Robert L. Miller, Jr._____
Judge
United States District Court

cc: J. Hays/A. Hays

---

[1] Although the plaintiffs allege that defense counsel also serves as a part-time judge in Elkhart County, they make clear that he was acting as a private attorney in connection with the events giving rise to this lawsuit. (*See* DE 6 at 2.) Had he been acting in a judicial capacity, he would be entitled to absolute immunity. <u>Stump v. Sparkman</u>, 435 U.S. at 359.